**In re Ralph A. BOYD, Sr. and Gevetta Lucille Boyd, Debtors.**

**Bankruptcy No. 1–81–03096.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 30, 1982.

Robert H. Welch, II, Milford, Ohio, for debtors.

Ellsworth Love, Cincinnati, Ohio, John E. Hykes, Asst. Atty. Gen., State of Ohio, Claims Section, Columbus, Ohio, for State of Ohio.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

In this present Chapter 13 proceeding the State of Ohio filed an objection to the confirmation of debtors' proposed plan of arrangement. The only issue at this time to be resolved is whether the debt owed to the State of Ohio for a sales tax liability is in the nature of a "trust fund" tax pursuant to 11 U.S.C. § 507(a)(6)(C), or that of an "excise tax" pursuant to 11 U.S.C. § 507(a)(6)(E).

11 U.S.C. § 1322(a)(2) requires that a Chapter 13 plan provide for full payment, in deferred cash payments of all claims entitled to priority under § 507. The State contends that their claim for sales tax falls within those taxes categorized in § 507(a)(6)(C), the so-called "trust fund" taxes, and entitles the State to priority payment in accordance with § 1322(a)(2). 11 U.S.C. § 507(a)(6)(C) provides:

> "(a) The following expenses and claims have priority in the following order:
>
> *　　*　　*　　*　　*　　*
>
> (6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—
>
> *　　*　　*　　*　　*　　*
>
> (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;"
>
> *　　*　　*　　*　　*　　*

On the other hand, it is the debtors' contention that a claim for sales taxes falls within § 507(a)(6)(E) so that payment in accordance with § 1322(a)(2) is not required. The pertinent provision reads:

> "§ 507(a) The following expenses and claims have priority in the following order:
>
> *　　*　　*　　*　　*　　*
>
> (6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—
>
> *　　*　　*　　*　　*　　*
>
> (E) an excise tax on—
>
> (i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or

(ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition;"

\*       \*       \*       \*       \*       \*

The sales tax liability of the debtor arose on September 28, 1978 with the filing of a statutory lien by the State of Ohio. Because of this, debtors say, since bankruptcy was filed on November 6, 1981, that their obligation falls outside the three year limitation set forth in sub-paragraph (E) of section 507(a)(6) and therefore, the State is not entitled to priority payment. We agree with the debtors' position and hold that such sales tax liability falls within the category of "excise taxes" as stated in § 507(a)(6)(E).

We base our conclusion on the legislative history of § 507(a)(6)(E) which states the following:

"Excise taxes on transactions for which a return, if required, is last due, under otherwise applicable law or under any extension of time to file the return, within three years before the petition was filed, or thereafter. If a return is not required with regard to a particular excise tax, priority is given if the transaction or event itself occurred within three years before the date on which the title 11 petition was filed. All Federal, State or local taxes generally considered or expressly treated as excises are covered by this category, *including sales taxes,* estate and gift taxes, gasoline and special fuel taxes, and wagering and truck taxes." (Emphasis supplied)

124 Cong.Rec. H 11,113 (daily ed. Sept. 28, 1978), S 17,428–17, 430 (daily ed. Oct. 6, 1978). Clearly, it was the specific intent of Congress that sales taxes fall within the definitions of excise contained above. *In Re Tapp,* 8 B.C.D. 642, 647, 16 B.R. 315 (Bkrtcy.D.Alaska 1981); *3 Collier on Bankruptcy,* § 507.03 (15th Ed.1982).

The State of Ohio, however, argues that Congress did not intend for sales taxes not to be considered within the category of § 507(a)(6)(C) "trust fund" taxes and quotes the following from Senate Report 95–1106 (1978) in support of that proposition:

"Taxes (not covered by the third priority) which the debtor was required by law to withhold or collect from others and for which he is liable in any capacity, regardless of the age of the tax claims (sec. 507(a)(6)(D)) are included. This category covers the so-called "trust fund" taxes, that is, income taxes which an employer is required to withhold from the pay of his employees, the employees' shares of social security and railroad retirement taxes, and also Federal unemployment insurance. This category also includes excise taxes which a seller of goods or services is required to collect from a buyer and pay over to a taxing authority."

The State is mistaken in this argument. The quoted report does not refer to the final "compromise" version of § 507 passed by Congress, but contains only the Senate version, S. 2266, which deleted subsection (E) and broadened subsection (C) from that of the earlier House version of § 507, H.R. 8200, to include excise taxes. Section 507, as enacted, restored subsection (E) which indicates the intention of Congress to include sales taxes within a separate category of excise taxes. See, *In Re Tapp,* supra, at 647, 16 B.R. 315; 3 *Collier on Bankruptcy,* supra at 507–30—507–35.

The objection to confirmation filed by the State of Ohio is overruled. An amended plan may be filed by the debtors in accordance with discussion at the hearing on this portion of the State's objection within twenty days or the case will be dismissed.