**In re KANNRY & MORTON, INC., Debtor.**

**KANNRY & MORTON, INC., Plaintiff,**

v.

**NORCAL ELECTRONICS, INC., et al., Defendants.**

Bankruptcy No. 1-87-00878.

Adv. No. 1-87-0204.

United States Bankruptcy Court, N.D. California.

June 7, 1988.

Joan M. Chipser, San Francisco, Cal., for debtor.

Calvin J. Abe, Deputy Atty. Gen., San Francisco, Cal., for defendant State Bd. of Equalization.

Memorandum of Decision re Board of Equalization

ALAN JAROSLOVSKY, Bankruptcy Judge.

The debtor, as debtor in possession, seeks to avoid as preferences payments to the California Board of Equalization made during the preference period in the total sum of $126,566.71. The State concedes that the payments came from the debtor's general bank account, were for delinquent sales taxes due from prior quarters and not current obligations, and that as a result of the payments it received more than it would receive in Chapter 7, as the debtor's assets would be insufficient to satisfy the several large outstanding tax debts to other taxing authorities. Even with these stipulated facts, however, the matter is not easily resolved.

While the law is different elsewhere, in this circuit sales taxes are "trust fund taxes." *In re Shank* (9th Cir.1986) 792 F.2d 829. The State's argument is that since the debtor was statutorily obligated to segregate such taxes and hold them in trust their payment is conclusively presumed to be from such a trust and therefore not a transfer of the debtor's property. This was the holding in two reported bankruptcy cases, *In re Razorback Ready Mix Concrete Co.* (Bkrtcy.E.D.Ark.1984) 45 B.R. 917, 921, and *In re Rodriguez* (Bkrtcy.E.D. N.Y.1985) 50 B.R. 576, 581.

In *In re Olympic Foundry Co.* (Bkrtcy. W.D.Wash.1986) 63 B.R. 324, 329, the bankruptcy court rejected *Razorback* and *Rodriguez*, holding that they were based "on the faulty premise that a nonexistent or dissipated trust can be created or reconstituted without the transfer into trust of some other property." However, this case was reversed and remanded by the Bankruptcy Appellate Panel. 71 B.R. 216. The reversal was without comment, and one subsequent court has noted that the reversal was "on other grounds." *Drabkin v. Dist. of Columbia* (D.C.Cir.1987) 824 F.2d 1102, 1110. Under these circumstances, it appears that the Court must resolve this matter without the benefit of binding authority.

Notwithstanding the reversal of *Olympic Foundry, Razorback* and *Rodriguez* have not fared well in subsequent cases. Most notably, the Court of Appeals in *Drabkin v. Dist. of Columbia,* supra, rejected their reasoning and held that payments on delinquent trust fund taxes from the debtor's general account were avoidable as preferences. See also *In re Miller's Auto Supplies, Inc.* (Bkrtcy.E.D.Pa. 1987) 75 B.R. 676, and *In re Rimmer* (Bkrtcy.E.D.Pa.1987) 80 B.R. 337.

The Court notes one further matter which seems to have been overlooked by the State as well as the dissenting judge in *Drabkin.* Both *Rodriguez* and *Razorback*

held that trust fund taxes were not *property of the debtor* and as such could not be the subject of an avoidable preference. Section 547(b) of the Bankruptcy Code, in the form applicable to those cases, provided that the bankruptcy estate could avoid transfers of *property of the debtor* if the five elements of a preference were present. Thus, both courts held that the transferred property must be property of the estate under section 541 before its transfer could be avoided. However, the 1984 amendments to the Code substituted the phrase "of an interest of the debtor in property" for the phrase "of property of the debtor." This change is very significant, as it provides a broader definition of the sort of property which can be the proper subject of an avoidance action and renders less relevant the legislative history surrounding the statute as originally drafted.

As section 547(b) reads now, the key test is whether the debtor had control of the funds at the time of the transfer. As the court noted in *In re Chase & Sanborn Corp.* (11th Cir.1987) 813 F.2d 1177, 1181:

> The purpose of avoidance ... is to prevent a debtor from diminishing, to the detriment of some or all creditors, funds that are generally available for distribution to creditors. Consequently, any funds under the control of the debtor, regardless of the source, are properly deemed to be the debtor's property, and any transfers that diminish that property are subject to avoidance.

The funds transferred to the State in this case were under the debtor's complete control, and could have lawfully been used for any purpose. The debtor therefore clearly had an extensive interest in the funds, making their transfer subject to avoidance.[1]

The State having offered no evidence that the funds transferred to it were traceable to funds held in trust, and it appearing that the result of the payments was to give

---

1. The debtor's schedules list an unpaid debt to the federal government of $112,000.00 for payroll taxes, which are just as much trust fund taxes as those for which the State received payment within the preference period. The debtor

could have paid either or neither, and elected to prefer the State. Section 547 exists to undo such inequities and give creditors of equal priority equal distributions.

the State an unfair share of available assets in preference over other priority tax claims, the debtor is entitled to a judgment avoiding the payments as preferences. All funds recovered pursuant to the judgment shall be maintained in an interest-bearing trust account by the debtor's counsel pending further order of the Court.

This memorandum constitutes the Court's findings and conclusions pursuant to Bankruptcy Rule 7052. Counsel for the debtor shall submit an appropriate form of judgment.