**In re GULF CONSOLIDATED SERVICES, INC., Debtor.**

**Bankruptcy No. 86–08347–H4–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

July 11, 1989.

See also, Bkrtcy., 91 B.R. 414.

## MEMORANDUM DECISION

WILLIAM R. GREENDYKE,
Bankruptcy Judge.

The matter before this court concerns the amended objection of Steven A. Buxbaum, Liquidating Trustee of Gulf Consolidated Services, Inc. (hereinafter "Gulf" or "Debtor"), to proofs of claim of the State of Texas which are on file in this case. On February 1, 1989, the parties filed their "Stipulation of Facts on Claim of the State of Texas" advising the court that all matters had been resolved except with respect to

the allowance and/or priority of (i) sales taxes arising prior to three years before the commencement of the case; (ii) amounts claimed in the amended proof of claim, and (iii) any pre- or postpetition claim made by the State of Texas for interest, penalties or other costs of collection in connection with the State of Texas's claim.

As indicated in the subsequent briefs filed by both Gulf and the State of Texas, the parties have further limited the scope of the dispute. *See* Memorandum of Law in Support of Gulf's Response to Scheduling Order: Objection to Claim of State of Texas, filed February 27, 1989; Memorandum of Law in Support of the State of Texas Response to Scheduling Order; Objection to Claim of State of Texas, filed March 3, 1989. All that remains is for this court to characterize the sales tax claimed for the period October 1, 1980 through September 7, 1983; specifically, the court is asked to determine whether that sales tax is

(a) a tax required to be collected or held and for which the Debtor is liable in whatever capacity pursuant to section 507(a)(7)(C), or

(b) an excise tax under section 507(a)(7)(E).

The difference is significant in that a finding that the tax constitutes an "excise" tax will alter the status of the claim from priority to general unsecured, because the taxes in question involve transactions which occurred more than three years before the petition was filed.

This is not a matter of first impression. Gulf and the State have each cited authority in support of their respective positions. Gulf initially argues that we need not look to congressional intent to decipher the overlap between sections 507(a)(7)(C) and 507(a)(7)(E) because the "plain meaning" of the statute is clear and should control. This ostensible plain meaning is garnered from definitions of "excise" taxes found in legal and popular dictionaries. We conclude the plain meaning is not clear and resort to congressional intent is warranted.

This court finds persuasive the authority cited by the State of Texas; the second, seventh, and ninth circuits have all held that where a debtor collects a sales tax from third parties, that tax is of a "trust-fund" nature entitled to priority under section 507(a)(7)(C) rather than an excise tax

**268**

subject to a three-year limitation pursuant to section 507(a)(7)(E). *Rosenow v. State of Illinois, Department of Revenue,* 715 F.2d 277 (7th Cir.1983), *DeChiaro v. New York State Tax Commission,* 760 F.2d 432 (2d Cir.1985), *Shank v. Washington State Department of Revenue, Excise Tax Division,* 792 F.2d 829 (9th Cir.1986). In the State of Texas, "[a]ny person who receives or collects a tax or any money represented to be a tax from another person is liable to the state for the full amount...." TEX.TAX CODE ANN. § 111.016 (Vernon's 1982) (the Tax Code was subsequently amended in 1987 to insert "trust" language; the statute in its former version applies to this dispute.)

Prior to the enactment of the Bankruptcy Reform Act of 1978, certain tax debts, such as trust fund taxes, were nondischargeable even though they were more than three years old. Section 17(a)(1)(e) of the Bankruptcy Act of 1898, Ch. 541, § 17(a)(1), 30 Stat. 544, 550 (repealed 1978). In this circuit, section 17(a)(1)(e) covered and included sales taxes. *In re Fox,* 609 F.2d 178 (5th Cir.1980). After review of the authorities cited by the parties, we are not persuaded that Congress intended to change the policy under the old Act which provided for nondischargeability of sales taxes collected from third parties. Although sections 507(a)(7)(C) and 507(a)(7)(E) do overlap, they are not inconsistent when one emphasizes the historical congressional policy that all trust fund taxes should survive bankruptcy. *See DeChiaro v. New York State Tax Commission,* 760 F.2d 432, 435 nn. 4 and 5 (2d Cir.1985).

Based on the foregoing, this court concludes that the sales tax due for the period October 1, 1980 through September 7, 1983 constitutes a priority claim pursuant to section 507(a)(7)(C). A separate form of order consistent with this court's decision and reflecting the agreement of the parties as to the remaining issues is signed concurrently with this Memorandum Decision.