Bernard C. MALCUIT and Eleanor
L. Malcuit, Appellants,

v.

STATE OF TEXAS and City
of Dallas, Appellees.

Civ. A. No. 3–90–0068–T.

United States District Court,
N.D. Texas,
Dallas Division.

May 16, 1991.

## ORDER AFFIRMING BANKRUPTCY COURT'S RULING

MALONEY, District Judge.

On January 26, 1990, Appellants filed their opening brief. On February 13, 1990, Appellees each filed a responding brief.

This case comes before the court on an appeal from an order issued in United States Bankruptcy Court for the Northern District of Texas, Honorable Robert C. McGuire presiding, on November 22, 1989, overruling Appellants' objection to claims of Appellees and finding the claims nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A). On December 18, 1989, Appellants filed a Notice of Appeal.[1]

### Background

The proceeding in the bankruptcy court was tried on the following stipulated facts. Appellant Bernard C. Malcuit failed to pay sales taxes owed by Buck's Pizza Place to Appellee State of Texas in the amount of $4,313.60 for the period of September 1, 1972 through June 30, 1973 and to Appellee City of Dallas in the amount of $1,351.46 for the period April 1, 1972 through June 30, 1973. Interest is owing on the sales tax in the amounts of $2,852.58 and $893.72, respectively. On April 1, 1975, Appellees obtained a judgment in the amounts of $4,313.60 and $1,351.46 against Appellant Bernard C. Malcuit for unpaid sales taxes and state tax liens were filed in Dallas County.

On March 9, 1989, the State of Texas filed a Secured and Priority Proof of Claim for the unpaid sales and use taxes and interest in the amount of $7,166.18. On March 14, 1989, the City of Dallas filed a Priority Proof of Claim for unpaid city sales and use taxes in the amount of $2,245.18. As debtors in bankruptcy proceedings filed under Chapter 7 of the Bankruptcy Code, the Malcuits sought to have the claims of the State of Texas and the City of Dallas discharged. Objections to the claims and discharge were filed by the parties in adversary proceedings before the bankruptcy court. The bankruptcy court concluded that an unsecured claim by a governmental unit for sales tax properly falls under 11 U.S.C. § 507(a)(7)(C)[2] and thus is not dischargeable under § 523(a). Likewise, the court concluded that the prepetition interest on these claims is nondischargeable.

The court finds that the decision entered by Judge McGuire is a final decision and properly appealable to this court under 28 U.S.C. § 158 and Bankruptcy Rule 8001. This court finds that it has jurisdiction over the matters in this case under 28 U.S.C. § 1334. As the proceedings in the bankruptcy court were tried on stipulated facts, this court need only review the bankruptcy judge's conclusions of law. The bankruptcy court's conclusions of law are subject to de novo review. *Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir.1986). Appellants argue that the bankruptcy judge's decision must be reversed on the following grounds. Appellants assert that the bankruptcy court erred in finding that the sales tax claims fall under 11 U.S.C. § 507(a)(7)(C). Appellants contend that the sales tax liabilities properly fall under either 11 U.S.C. § 507(a)(7)(A) as a tax on income or gross receipts, or § 507(a)(7)(E) as excise taxes, and since the transaction giving rise to the tax occurred

---

1. The court notes that the appeal was timely filed since Judge McGuire entered an order granting Appellants until December 26, 1989 within which to file an appeal.

2. Although the order of the bankruptcy court cites to 11 U.S.C. § 507(a)(7)(C), it appears that the reference was in error since the code does not provide a subsection under that designation and the parties refer to § 507(a)(7)(C).

more than three years prior to the commencement of the bankruptcy case, the taxes are dischargeable.

11 U.S.C. § 523(a)(1)(A) provides that a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for a tax of the kind and for the periods specified in section 507(a)(7). Section 507(a)(7) establishes priority for certain claims of governmental units. Section 507(a)(7)(C) establishes priority for "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity," commonly referred to as a "trust fund" tax. Sections 507(a)(7)(A) and (E) establish priority for a tax measured by income or gross receipts and an excise tax, respectively, and are not subject to discharge if the transaction underlying the tax occurred less than three years prior to the filing of the bankruptcy petition. Categorizing the sales tax in this case as an excise or a gross receipts tax alters the status of the claim from priority to general unsecured and thus dischargeable, because the taxes in question involve transactions which occurred more than three years before the petition for bankruptcy was filed.

This court agrees with the bankruptcy court's conclusion that the sales taxes were trust fund taxes covered by section 507(a)(7)(C). Section 17(a)(1)(e) of the Bankruptcy Act of 1898 is the precursor to the current section 507(a)(7)(C) of the Bankruptcy Code. Section 17(a)(1)(e) provided that "a discharge in bankruptcy shall not release a bankrupt from any taxes ... which the bankrupt has collected or withheld from others as required by the laws of the United States or any State or political subdivision thereof, but has not paid over." The Fifth Circuit has interpreted section 17(a)(1)(e) as prohibiting discharge in bankruptcy for sales taxes actually collected or withheld and not remitted, and has held that the Alabama sales tax is a tax within the ambit of the section. *Matter of Fox,* 609 F.2d 178, 181 (5th Cir.1980). The court noted that the Alabama courts had determined that the ultimate burden of the sales tax is on the consumers, not the sellers and that a mandatory duty is imposed on the seller to collect and remit the Alabama

sales tax and therefore, the tax at issue was one which was collected from third parties. *Id.*

Several courts have noted the overlap the statutory language creates between the provisions for trust fund and excise taxes. These courts have examined the legislative history of the Bankruptcy Code, and have concluded that Congress did not intend to change the policy reflected in the prior law, and that the trust fund tax provision excepts from discharge those excise taxes required to be collected from third parties. *See Di Chiaro v. New York State Tax Comm'n,* 760 F.2d 432 (2nd Cir.1985); *Shank v. Washington Dep't of Revenue,* 792 F.2d 829 (9th Cir.1986); *Rosenow v. Illinois Dep't of Revenue,* 715 F.2d 277 (7th Cir.1983).

Appellants argue that the Texas courts have held that the sales tax is a tax on gross receipts and as such, is entitled to priority under § 507(a)(7)(A) and not under § 507(a)(7)(C). Appellants cite Texas cases which hold that the sales tax is a transaction tax and either the seller or the purchaser may be looked to for payment of the tax. The court in *Bullock v. Delta Industrial Construction Co., Inc.,* 668 S.W.2d 502 (Tex.App.—Austin 1984), held that the purchaser was properly assessed a sales tax since it had not paid any local city sales or use taxes on materials it purchased from sellers who were located within cities imposing local sales and use taxes. Similarly, the purchaser in *Bullock v. Foley Bro. Dry Goods Corp.,* 802 S.W.2d 835 (Tex.App.—Austin 1990), was obligated to pay the tax even though its vendor failed to bill the purchaser for the sales tax. The court finds that whether the state can look to either the seller or the purchaser for the tax does not affect the fact that the burden of the sales tax is on the consumer. The tax will still be owed by the purchaser. The tax is owed by the purchaser and will either be collected by the seller on behalf of the state or by the state if the seller fails to bill the purchaser. Furthermore, section 111.016 of the Tax Code, as amended in 1987, provides that

Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so

collected *in trust for* the benefit of the state and is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected (emphasis added).

Since there is a duty imposed on the seller to collect and remit the sales tax to the state, and since the Texas sales tax is one which is collected from third parties by the seller in trust for the state, the Texas sales tax is a trust fund tax and falls under § 507(a)(7)(C). As the Texas sales tax is entitled to priority status, it is exempted from discharge pursuant to 11 U.S.C. § 523(a)(1)(A). *See also In re Avant,* 110 B.R. 264 (Bkrtcy, W.D.Tex.1989); *In re Gulf Consol. Services, Inc.,* 110 B.R. 267 (Bkrtcy, S.D.Tex.1989). The court concludes that the sales tax claims of Appellees constitute priority claims pursuant to section 507(a)(7)(C) and are nondischargeable.

It is therefore ORDERED that the bankruptcy court's order allowing in full the claims of the City of Dallas and the State of Texas as filed, and holding them nondischargeable pursuant to § 523(a)(1)(A), is affirmed.