**In re Larry K. KELLEY and Carol N. Kelley, Debtors.**

**Larry K. KELLEY and Carol N. Kelley, Plaintiffs,**

v.

**UNITED STATES of America, DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, and The Oklahoma Tax Commission, Defendants.**

Bankruptcy No. 94–00159–C.
Adv. No. 94–0124–C.

United States Bankruptcy Court,
N.D. Oklahoma.

Aug. 3, 1994.

**114**

Annette E. Watkins, Muskogee, OK, for plaintiffs.

J.I.M. Caldwell, Asst. General Counsel, Oklahoma City, OK, for defendants.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on to be heard upon the cross motions for summary judgment filed by Larry K. Kelley and Carol N. Kelley ("Debtors") and the Oklahoma Tax Commission ("OTC") in regard to the dischargeability of sales taxes owed by Debtors to the OTC for the tax period 1987 to 1988. The parties agree there are no disputed facts and therefore one party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265

(1986). Upon review of the record and the applicable law, the Court finds as follows.

On January 20, 1994, Debtors filed for relief under Chapter 7 of the Bankruptcy Code. On March 25, 1994, the OTC filed a Proof of Claim in the amount of $27,489.97 for withholding and sales taxes due from Debtors as officers of Vito's Pizza, Inc., for the tax period 1987 to 1988. Debtors' tax obligations became due more than three years before their bankruptcy filing. The parties agree the withholding taxes are non-dischargeable under § 523(a)(1)(A). The parties disagree as to the dischargeability of the sales taxes.

Debtors argue the sales taxes owed for the tax period 1987 to 1988 are excise taxes which under § 507(a)(7)(E) can be discharged after three years. The OTC argues that state sales taxes which retailers are required to collect from customers and pay over to the state, commonly referred to as trust fund taxes, are nondischargeable under § 507(a)(7)(C).

The sole issue before the Court is whether the sales tax liability owed by Debtors is in the nature of a trust fund tax pursuant to § 507(a)(7)(C) or that of an excise tax pursuant to § 507(a)(7)(E).[1] If the Court determines that a sales tax represents a trust fund tax, then the debt is nondischargeable regardless of its age. *See* 11 U.S.C. § 507(a)(7)(C) and § 523(a)(1)(A). If, on the other hand, the Court determines that a sales tax constitutes an excise tax, then this debt is subject to discharge if over three years old. *See* 11 U.S.C. § 507(a)(7)(E) and § 523(a)(1)(A).

The Oklahoma Sales Tax Code imposes a tax on the gross receipts of each sale of tangible personal property and requires the

---

1. Section 507(a)(7) provides in pertinent part as follows:
    (a) The following expenses and claims have priority in the following order:
    (7) Seventh, allowed unsecured claims of governmental units; only to the extent that such claims are for—
    (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

    \*      \*      \*      \*      \*      \*

    (E) an excise tax on—

(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition[.]

tax to be collected by the vendor. *See* 68 O.S.Supp.1994 § 1354(1)(A). Section 1361 of the Oklahoma Sales Tax Code explains the duty of the vendor as follows:

(A) The tax levied by this article shall be paid by the consumer or user to the vendor as trustee for and on account of this state. Each and every vendor in this state shall collect from the consumer or user the full amount of the tax levied by this article, or an amount equal as nearly as possible or practicable to the average equivalent thereof. Every person required to collect any tax imposed by this article, and in the case of a corporation, each principal officer thereof, shall be personally liable for said tax. In the case of a limited liability company, all managers and members under a duty to collect and remit taxes for the limited liability company shall be liable for the tax. If no managers or members have been specified to be under the duty of withholding and remitting taxes, then all managers and members shall be liable for the tax.

\*     \*     \*     \*     \*     \*

(E) Any sum or sums collected or required to be collected in this article shall be deemed to be held in trust for the State of Oklahoma, and, as trustee, the collecting vendor shall have a fiduciary duty to the State of Oklahoma in regards to such sums and shall be subject to the trust laws of this state. Any vendor who willfully or intentionally fails to remit the tax, after the tax levied by this article was collected from the consumer or user, and appropriates the tax held in trust to his own use, or to the use of any person not entitled thereto, without authority of law shall be guilty of embezzlement.

Three circuit court of appeals have considered the issue of whether sales taxes required by state law to be collected by sellers from their customers are trust fund taxes or excise taxes under the Bankruptcy Code. All three courts held that sales taxes collected from third parties constitute trust fund

taxes governed by § 507(a)(7)(C) which are never dischargeable in bankruptcy. *See In re Shank,* 792 F.2d 829 (9th Cir.1986); *DeChiaro v. New York State Tax Commission,* 760 F.2d 432 (2nd Cir.1985); *In re Rosenow,* 715 F.2d 277 (7th Cir.1983).

Because the liability for sales taxes could conceivably fall within the scope of either § 507(a)(7)(C) or § 507(a)(7)(E), the courts examined the legislative history of § 507 to determine Congress' intent. The courts also reviewed the treatment sales taxes received under the Bankruptcy Act. Courts construing the Bankruptcy Act included the liability for sales taxes collected from third parties within the scope of § 17(a)(1)(e) [2], the predecessor to § 507(a)(7)(C). *See In re Fox,* 609 F.2d 178 (5th Cir.), *cert. denied,* 449 U.S. 821, 101 S.Ct. 78, 66 L.Ed.2d 23 (1980).

The courts acknowledged that sales taxes are generally considered a form of excise tax. However, the courts found that Congress intended to differentiate between two types of sales taxes. As the court in *In re Shank* explained:

We believe that Congress intended to retain the distinction between the two forms of sales tax liability: those owed personally by a retailer and those incurred by a retailer's customers which are collected by the retailer under the authority of the state, held in trust, and then remitted by the retailer to the state. We find no indication that Congress intended to treat retailers differently than employers, who clearly cannot discharge their liability for withheld income taxes.

792 F.2d at 832 (citation omitted).

The Court has reviewed the relevant legislative history and agrees with the circuit courts that there are two types of sales taxes, one of which is always nondischargeable and the other which is dischargeable if over three years old. In this case, Debtors were required by state law to collect sales taxes from their customers and hold them in trust for the benefit of the state. Debtors were personally liable for these taxes as officers of

---

**2.** Section 17(a)(1)(e) excepted from discharge those taxes "which the bankrupt has collected or withheld from others as required by the laws of the United States or any State or political subdivision thereof, but has not paid over[.]" 11 U.S.C. § 35(a)(1). For a discussion of this section and its legislative history, *see DeChiaro, supra.*

Vito's Pizza, Inc.   Congress intended this type of sales tax to be nondischargeable regardless of the age.   Therefore, the sales taxes owed by Debtors for the tax period 1987 to 1988 constitute trust fund taxes under § 507(a)(7)(C) which are nondischargeable under § 523(a)(1)(A).[3]

Debtors rely on two cases which reach the opposite conclusion and hold that sales taxes represent excise taxes which are dischargeable if over three years old. *See In re Boyd,* 25 B.R. 1003 (Bankr.S.D.Ohio 1982); *In re Tapp,* 16 B.R. 315 (Bankr.D.Alaska 1981). The Court has carefully reviewed these cases and respectfully declines to follow them. Those courts did not consider the distinction between sales taxes owed personally by a debtor and those owed by a debtor as collector for the state. *See also Malcuit v. State of Texas,* 134 B.R. 185 (N.D.Tex.1991); *In re St. Hilaire,* 102 B.R. 1 (Bankr.D.Mass.1989).

A separate Judgment Order consistent with this Memorandum Opinion will be entered.

---

**3.** Although not argued by the parties, the Court believes these taxes are also nondischargeable under § 523(a)(4), which excepts from discharge debts due to defalcation by a fiduciary. Here, the Oklahoma Sales Tax Code creates a trust relationship in regard to the vendor's duty to collect sales taxes on behalf of the state. The vendor's failure to remit the monies to the state constitutes a defalcation by a fiduciary. *See In re Turner,* 134 B.R. 646 (Bankr.N.D.Okla.1991) (involving a contractor's statutory duty to hold monies in trust for materialmen). *See also Carey Lumber Co. v. Bell,* 615 F.2d 370 (5th Cir.1980); *In re Romero,* 535 F.2d 618 (10th Cir.1976).