In re Shamus R. McDONOUGH, Leona K. McDonough, Debtors.

Shamus R. McDonough, Leona K. McDonough, Plaintiffs,

v.

Iowa Department of Revenue, Defendant.

Bankruptcy No. 05–03410.
Adversary No. 05–30230.

United States Bankruptcy Court, S.D. Iowa.

July 24, 2006.

James L. Goodman, Marshalltown, IA, for Debtors.

### ORDER RE MOTION FOR SUMMARY JUDGMENT

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on June 23, 2006 pursuant to assignment. Sean K. Heitmann appeared for Debtors/Plaintiffs Shamus R. and Leona K. McDonough. John Waters appeared for Defendant Iowa Department of Revenue (IDOR). After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

All parties agree that no controverted issues of material fact exist in this case. Debtors seek summary judgment declaring that Iowa sales tax liabilities for which they are personally liable are dischargeable. IDOR seeks summary judgment asserting that Debtor's sales tax liabilities fall within an exception to discharge and are thus not dischargeable.

### FINDINGS OF FACT

In their pre-trial statement of admitted or uncontested facts, all parties agreed to the following:

1. Mitey Solutions, Inc., applied for and received an Iowa sales tax permit with a starting date of March 1, 1999. The application stated that Mitey Solutions expected to collect Iowa sales taxes in the amount of $50 to $8,000 per month.

2. Mitey Solutions, Inc., filed Iowa sales tax returns or deposits for the period from October 1, 1999 to January 31, 2001.

3. Debtors are personally liable for the Iowa sales taxes incurred by Mitey Solutions, Inc., pursuant to Iowa Code § 421.26.

4. Debtors owe sales tax to IDOR in the amount of $10,861.91 including interest through April 17, 2006, for

tax periods between October 1, 1999 and January 1, 2001.

5. Debtors did not add sales tax to the price of items sold, instead they calculated the amount of sales tax owed based on gross sales.

Debtors listed their sales tax debts on Schedule F (Creditors Holding Unsecured Nonpriority Claims). The sales tax debts were more than three years old as of Debtor's petition filing date of May 11, 2005.

## SUMMARY JUDGMENT

A motion for summary judgment may only be granted when there are no material facts in controversy, and the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr.P. 7056, Fed. R.Civ.P. 56(a). In considering a motion for summary judgment, the Court views the evidence in a light most favorable to the nonmoving party. *In re Marlar*, 267 F.3d 749, 755 (8th Cir.2001). The moving party has the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The central issue before the Court is whether sales tax liability owed by Debtors is in the nature of a trust fund tax pursuant to § 507(a)(8)(C) or that of an excise tax pursuant to § 507(a)(8)(E) of the Bankruptcy Code. Section 523(a)(1)(A) of the Bankruptcy Code excepts from discharge any debt which is granted priority under § 507(a)(8). Trust fund taxes are permanently priority claims under § 507(a)(8)(C) and thus always excepted from discharge. Excise taxes are priority claims only if incurred during the three years immediately prior to petition filing under § 507(a)(8)(E). Thus, excise taxes that are more than three years old at the time of petition filing are not priority

claims and are consequently dischargeable. Since Debtors have a sales tax obligation which is more than three years old, ascertaining whether Debtors' sales tax obligation is a trust fund tax or an excise tax will determine the dischargeability of the debt.

## SALES TAX LEVIED UPON RETAILER OR CONSUMER

Debtors contend that the Iowa sales tax scheme in effect between 1999 and 2001 "was a tax [imposed] on the retailer, and was not a tax required to be withheld or collected [from the consumer]." (Debtor's Br. 4.) Debtors argue that the Iowa Code at that time required that *use tax* be collected by the retailer and held for the state, but "there was no requirement that the *sales tax* imposed by former Iowa Code [Section]422.43 be collected by the retailer and held for the state of Iowa." (*Id.* 3 (emphasis added).)

■ For the reasons set out hereafter, the Court concludes that Debtors' interpretation of relevant sales tax law is incorrect. Iowa Code Section 422.43 (1998) (repealed 2003) stated, "There is imposed a tax of five percent upon the gross receipts from all sales of tangible personal property ... sold at retail in the state to consumers or users." Other sections of the Iowa Code make clear that the statute in question is a tax upon consumers and not upon retailers. Iowa Code Section 422.49 (1998) (repealed 2003) expressly prohibited a retailer from "advertis[ing] or hold[ing] out or stat[ing] ... that the tax or any part thereof imposed by the division will be assumed or absorbed by the retailer."

Iowa Code Section 422.52(1) (1998) (repealed 2003) stated in part that "[e]very retailer who *collects* more than four thousand dollars in retail sales tax in a semimonthly period" shall make deposits with

the Iowa Department of Revenue or its agent. (Emphasis added.) The same Code subsection used variants on the word "collect" a total of sixteen times. The plain meaning of this statute is that the retailer was collecting the sales tax from a third party, the consumer or end user. According to the statute, the obligation of the retailers was to "collect" on behalf of the Department, not to "owe" a tax themselves.

Iowa Code Section 422.52(6)(a) (1998) (repealed 2003) stated, "If a purchaser fails to pay tax imposed by this division to the retailer required to collect the tax," then the Iowa Department of Revenue was entitled to collect the tax directly from the purchaser. If a purchaser overpaid sales tax to the retailer, the retailer was obligated to refund the excess to the purchaser. Iowa Code Section 422.52(8) (1998) (repealed 2003). The Iowa Code in effect during the relevant period contains no statutory language contrary to the interpretation that the sales tax was imposed upon consumers and collected by retailers. This Court must conclude that the sales tax, at the time in question, was imposed upon consumers and collected by retailers.

Debtors rely upon a Seventh Circuit decision to support their assertion that the Iowa sales tax scheme for the period in question created a dischargeable debt. In *Groetken v. Illinois Department of Revenue*, the court of appeals found that sales tax debts owed to the state of Illinois were dischargeable in bankruptcy. 843 F.2d 1007 (7th Cir.1988). As Debtors appropriately point out, the sales tax in question in *Groetken* was one where " 'retailers [were] not required to collect tax from purchasers.' " (Debtors' Br. 4 (quoting *Groetken*, 843 F.2d at 1013).) Since Debtors here were required to collect the sales tax from purchasers, *Groetken* provides little, if any, insight on the issue presented in this case.

## TREATMENT OF RETAILER– COLLECTED SALES TAX IN THE BANKRUPTCY CODE

Various courts have recognized an apparent statutory ambiguity in the Bankruptcy Code's treatment of sales tax. In the case of retailer-collected sales tax, the tax qualifies under § 507(a)(8)(C)'s language regarding "tax required to be collected or withheld" (also known as trust fund taxes) and under § 507(a)(8)(E)'s language regarding excise taxes. The two provisions create tension because trust fund taxes are not dischargeable pursuant to § 523(a)(1)(A) of the Bankruptcy Code while excise taxes, if more than three years old, are dischargeable. *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 432 (2d Cir.1985) (examining whether liability for a sales tax, which the state required retailers to collect from customers, fell under the trust fund or excise tax provisions of the Bankruptcy Code). Thus, for debtors with a sales tax obligation which is more than three years old, determining whether a retailer-collected sales tax is a trust fund tax or an excise tax is dispositive of that obligation's dischargeability.

"The statutory language plainly creates an overlap between the provisions for trust fund and excise taxes." *Id.* at 435. The *DeChiaro* court went on to resolve the overlap by holding "that Congress intended to differentiate between two categories of excise taxes and that the trust fund provision excepts from discharge those excise taxes required to be collected from third parties." *Id.* The Ninth Circuit Court of Appeals considered the same question and concurred with *DeChiaro*. *In re Shank*, 792 F.2d 829, 832 (9th Cir. 1986). In addition to following *DeChiaro's* reasoning in regards to the appropriate interpretation of retailer-collected sales tax as a trust fund tax, the *Shank* court

went on to consider the public policy considerations underpinning the interpretation. *Id.* at 835. The *Shank* court found that a contrary interpretation would create an incentive for failing retailers to default on their sales tax obligations and wait out the statutorily required three years to discharge their excise tax obligations. *Id.*

The majority of courts which have considered this issue have ruled consistently with *DeChiaro's* holding. *See Rosenow v. Illinois*, 715 F.2d 277 (7th Cir.1983); *Malcuit v. State of Texas*, 134 B.R. 185 (N.D.Tex.1991); *In re Taylor Tobacco Enters.*, 106 B.R. 441 (E.D.N.C.1989); *In re Marshall*, 302 B.R. 711 (Bankr.D.Kan. 2003); *In re Kelley*, 171 B.R. 113 (Bankr. N.D.Okla.1994); *In re St. Hilaire*, 102 B.R. 1 (Bankr.D.Mass.1989).

Given the overwhelming weight of authority, this Court must conclude that sales taxes which are imposed upon consumers and collected by retailers are governed by the provisions of § 507(a)(8)(C), "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." Since § 523(a)(1)(A) defines taxes within the scope of 507(a)(8) as exceptions to discharge, retailer-collected sales taxes are never subject to discharge. Accordingly, Debtors' obligation, which arose as a retailer-collected sales tax, is not dischargeable.

■ Debtors assert that they did not collect sales tax from their customers. However, Debtors' self-serving determination not to collect the tax does not change the fundamental nature of this tax. Failure to collect sales tax from customers does not render the liability dischargeable. The statutory language is broad in its scope: "a tax *required* to be collected or withheld." 11 U.S.C. § 507(a)(8)(C) (emphasis added). The statute does not refer solely to taxes collected, but instead embraces the wider range of taxes required to be collected or withheld, regardless of the success or failure of the person or entity in doing so.

Existing case law supports the proposition that failure to collect sales tax does not discharge liability. In a North Carolina bankruptcy case where a retailer was required to collect sales tax from customers but failed to do so, the court found that the failure to collect the tax did not create an avenue for the retailer to get around the exception to discharge created by § 523(a)(1)(A) and § 507(a)(8)(C). *Taylor Tobacco Enters.*, 106 B.R. at 445. "To allow a retailer to mitigate the consequences of failing to collect sales tax by using a bankruptcy proceeding to avoid paying uncollected sales tax older than three years would be to create an incentive as perverse as the incentive considered in *Shank.*" *Id.* at 446.

This Court finds the reasoning of the *Taylor* court compelling, particularly in light of the plain meaning of the statutory language. Debtors may not utilize their failure to collect sales tax as a methodology to obtain a discharge in bankruptcy of their sales tax obligations.

## CONCLUSION

The Court finds that the sales taxes owed by Debtors are trust fund taxes within the meaning of the Bankruptcy Code. As such, this debt is excepted from discharge.

**WHEREFORE,** Debtors' Motion for Summary Judgment is DENIED.

**FURTHER,** the Iowa Department of Revenue's Motion for Summary Judgment is GRANTED.

**FURTHER,** Debtors' sales tax obligation to the Iowa Department of Revenue

is excepted from discharge under §§ 523(a)(1)(A) and 507(a)(8)(C).