**In the Matter of James Russell RIKARD and Wanell Nairmore Rikard d/b/a True–Tone Hearing Aid Service, Debtors.**

**James Russell RIKARD and Wanell Nairmore Rikard d/b/a True–Tone Hearing Aid Service, Movants/Appellees,**

v.

**STATE OF ALABAMA, DEPARTMENT OF REVENUE, Respondent/Appellant, Defendant.**

CV No. 89–HM–5296–NW.

United States District Court, N.D. Alabama, Northwestern Division.

Sept. 15, 1989.

---

Robert W. Bunch, Bunch and Associates, Florence, Ala., for movants/appellees.

Don Siegelman, Atty. Gen., State of Ala., B. Frank Loeb, Chief Counsel, Ron Bowden, Asst. Counsel & Asst. Atty. Gen., Dept. of Revenue, State of Ala., Montgomery, Ala., for respondent/appellant.

## MEMORANDUM OF DECISION

HALTOM, District Judge.

The above entitled action is before the Court on appeal from the United States Bankruptcy Court for the Northern District of Alabama, Northern Division. For the reasons set out below, this Court concludes that the decision of the Bankruptcy Court is due to be reversed and remanded for disposition not inconsistent with this opinion.

The relevant facts of this case are as follows: The debtors/appellees operated a business which sold and serviced hearing aids. The cost of a hearing aid and a service warranty was approximately $500.00. The hearing aid cost $140.00 with the remaining balance representing the cost of the replacement parts, service and labor under the warranty. The bankruptcy judge determined that for the first two years of operation the debtors/appellees, d/b/a True–Tone Hearing Aid Service, charged sales tax on the total price of $500.00 (representing the cost of the hearing aid and service warranty).

The bankruptcy judge further found that the debtors/appellees were informed by a representative of the State of Alabama, Department of Revenue, that they were only required to collect sales tax on the amount of the hearing aid alone. Thereafter, the debtors/appellees collected sales tax on $140.00 (the cost of the hearing aid) instead of $500.00 (the cost of the hearing aid and service warranty). The debtors collected sales tax on the $140.00 amount until December, 1987 when the Department of Revenue informed them the method of computing sales tax was incorrect and that $37,000.00 was owed in unpaid sales tax.

On December 31, 1987 the debtors filed for relief under Chapter 7 of the Bankruptcy Code. The Department of Revenue was listed as a creditor in the debtors' bankruptcy petition. On July 14, 1988 the debtors were granted a discharge. Subsequently, the Department levied the debtors' bank account. This levy resulted in the attachment of approximately $9,138.60 which were proceeds from the sales of hearing aids through True–Tone Hearing Aid Service.

The debtors caused their Chapter 7 bankruptcy to be reopened seeking a determination that the uncollected sales tax debt was discharged. The Department of Revenue contested asserting the debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(1). The bankruptcy judge held the debt discharged[1] and the Department of

---

1. The bankruptcy judge's order provided in per-   tinent part as follows:

Revenue has appealed to this Court. 28 U.S.C. § 158(a).

## DISCUSSION

The district court is limited in its review of the Bankruptcy Court as to findings of fact. The Bankruptcy Court's findings of fact may be set aside if clearly erroneous. Bankruptcy Rule 8013. Errors of law by the Bankruptcy Court, whether in interpretation or application, are to be corrected as if *de novo*, 28 U.S.C. § 1334.

■ In this case, the primary issue is whether the uncollected sales tax allegedly owed by the debtors/appellees is dischargeable in bankruptcy.

Section 523(a)(1)(A) of the Bankruptcy Code provides that a discharge in bankruptcy does not discharge the individual debtor from any debt:

(1) For a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

Section 507(a)(7)(C) list

a tax required to be collected on withheld and for which the debtor is liable in whatever capacity;

Debtors/appellees argue that a review of "the treatment of tax debts under former bankruptcy law is helpful in illuminating the intent of Congress when it enacted the Bankruptcy Code provisions ... at issue in this case." The appellees cite *Matter of Fox*, 609 F.2d 178 (5th Cir.1980), which construed Bankruptcy Act, § 17(a)(1)(e), 11 U.S.C.A. § 35(a)(1)(e) (repealed 1978) in support of their contention the sales taxes in this case are dischargeable. The *Fox* case held that the Bankruptcy Act "prohibits discharge in bankruptcy only for sales taxes actually collected or withheld and not remitted. To the extent a debtor merely failed to acquit a statutory duty and collect taxes he is discharged." However, as noted above, the *Fox* Court was interpreting different (and now repealed) provisions of the Bankruptcy Code than are before this Court today.

Section 17(a)(1) of the Bankruptcy Act 11 U.S.C. § 35(a)(1), in effect at the time of the *Fox* decision, provided in pertinent part:

A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy: Provided, however, that a discharge in bankruptcy shall not release a bankrupt from any taxes ... (d) with respect to which the bankrupt made a false or fraudulent return, or willfully attempted in any manner to evade or defeat, or (e) *which the bankrupt has collected or withheld from others as required by the laws of the United States or any State or political subdivision thereof, but has not paid over* ... (emphasis added).

As quoted above, the *current* provisions of the Bankruptcy Code provide a discharge in bankruptcy does not discharge:

a tax *required to be collected* or withheld which the debtor is liable in whatever capacity (emphasis added). 11 U.S. C.A. § 507(a)(7)(C) (West Supp.1989).

The difference in the "has collected" wording of § 17(a)(1)(e) and the "required to be collected" language of § 507(a)(7)(C) is dispositive in this case. Decisions interpreting the present Bankruptcy Code provisions clearly indicate sales taxes (also known as trust fund taxes) are not dischargeable in bankruptcy *In re Shank*, 792 F.2d 829 (9th Cir.1986). As stated in *DeChiaro v. New York State Tax Com'n*, 760 F.2d 432, 433 (2nd Cir.1985):

The Code provisions in question are section 507(a)(6)(C), which covers a tax "re-

It is therefore ORDERED, ADJUDGED and DECREED that the State of Alabama, Department of Revenue, release the levied funds, which are in the debtors' checking account at Central Bank of the South.

It is also ORDERED, ADJUDGED and DECREED that the debt of approximately $31,-000.00 which the debtors allegedly owed the Department of Revenue, is discharged and said Department shall not make any other efforts to collect the debt.

It is further ORDERED, ADJUDGED and DECREED that the liens filed by the State of Alabama, Department of Revenue, are void because said liens are in violation of the discharge. *See* 11 U.S.C. § 524.

quired to be collected," commonly referred to as a "trust fund" tax, and section 507(a)(6)(E), which covers an "excise" tax. *A trust fund tax is always given a priority and is never subject to discharge in bankruptcy, see* 11 U.S.C. §§ 507(a)(6)(C), 523(a)(1)(A) (emphasis added).[2]

The debtors/appellees next assert the Department of Revenue failed to prove the method of collecting sales taxes was proper. However, the burden is on the taxpayer to show an assessment is incorrect. *State Dep't of Revenue v. Birmingham Realty Co.*, 255 Ala. 269, 50 So.2d 760 (1951). The debtors in this case failed to file an appeal of the final assessments entered by the Department of Revenue as provided by Ala.Code § 40–2–22 (1975). Alabama law provides a final assessment of the Department of Revenue unappealed from is as conclusive as a judgment of a court of law. *Sparks v. Brock & Blevins, Inc.* 274 Ala. 147, 145 So.2d 844 (1962). Therefore, the taxes are legally owed to the State of Alabama.

Accordingly, for the above enumerated reasons the decision of the bankruptcy judge is hereby REVERSED.

---

**2.** An amendment to the Bankruptcy Code adding a new priority caused section 507(a)(6) to be renumbered to 507(a)(7). Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 350(2), 98 Stat. 333, 358.