**In re Bryan KOGUT, Debtor.**

**No. 6:04–BK–7245M.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

June 1, 2005.

Sherry Daves, Attorney at Law, Hot Springs, AR, for Debtor.

### ORDER

JAMES G. MIXON, Bankruptcy Judge.

On April 7, 2004, Bryan Kogut ("Debtor") filed a voluntary petition for relief under the provisions of chapter 13.[1] The Debtor's proposed plan treats the claims of Monroe County, Alabama ("Monroe"), and the city of Monroeville, Alabama ("Monroeville"), as unsecured, nonpriority claims to receive a zero percent distribution.

Monroe and Monroeville object to confirmation on the grounds that their claims are for unpaid sales taxes and consequently they are entitled to priority pursuant to section 1322 and section 507(a)(8)(C)[2] and (E)[3]. The Debtor argues that the taxes cannot be classified as trust fund taxes,

which are those described by 507(a)(8)(C), because he had no liability for payment of the tax. Further, the Debtor argues that even if the debt can be classified as excise tax, the debt became due more than three years before the filing of the petition and, therefore, is not within the scope of 507(a)(8)(E).

Trial on the merits was held in Hot Springs, Arkansas, on February 23, 2005, and the matter was taken under advisement. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has jurisdiction to enter a final judgment in this case.

### DISCUSSION

After some urging by the Court to furnish evidence, the creditors introduced Plaintiff's Exhibits One through Four without objection from the Debtor's attorney. Plaintiff's Exhibit One was the petition and schedules, and Plaintiff's Exhibit Two was a copy of the plan of reorganization.

Plaintiff's Exhibit Three included an affidavit by R. Jeffery Reynerson stating that he represents Monroeville and a certified copy of a default judgment of the Circuit Court of Mobile County, Alabama, dated December 18, 2000, and filed January 9, 2001, in favor of Monroeville against the Debtor and others for the sum of $24,280.19 and interest in the amount of

---

1. The original petition listed Beverly Kogut as a joint debtor, but she was voluntarily dismissed from the case by order entered May 12, 2004.

2. This Code section provides that the following claims will have eighth priority:

   "allowed unsecured claims of governmental units ... for ... (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. § 507(a)(8)(C)(2000).

3. This Code section provides that the following claims will have eighth priority: "allowed unsecured claims of governmental units ... for ... (E) an excise tax on ... a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition or ... if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition ...." 11 U.S.C. § 507(a)(8)(E)(2000).

$1,131.50. Plaintiff's Exhibit Three also included a certificate of registration of a foreign judgment with the Circuit Court of Garland County, Arkansas, Case Number CV 2002–1185–III on November 18, 2002.

Plaintiff's Exhibit Four contained an affidavit by R. Jeffery Reynerson stating that he represents Monroe and a certified copy of a default judgment of the Circuit Court of Mobile County, Alabama, filed December 21, 2000, in favor of Monroe against the Debtor and others for the sum of $32,822.78 plus interest in the sum of $1,529.61. Also included in Exhibit Four was a certificate of registration of a foreign judgment in the Circuit Court of Garland County, Arkansas, Case Number CV 2002–1186–IV.

Neither of the judgments recites the basis of the liability of the Debtor. Both judgments include the following language:

### ORDER

It is hereby ORDERED, ADJUDGED, and DECREED that a default judgment be entered in this cause on behalf of the Plaintiff and against the Defendant, Bryan Kogut, for the sum of . . . which is comprised of . . . principal, . . . interest, and attorney's fees of . . . plus court costs. Judgment is entered pursuant to Rule 54b of the ARCP, there being no just reason to delay entry of judgment.

(Pl.'s Ex. 3 and 4.)

The parties did not introduce tax assessment documents or the complaints filed in Alabama State Court that resulted in the default judgments. No witness was called to explain the basis of the judgments. The Debtor's schedules describe the indebtedness as "collection on tax due for previous business operation." (Pl.'s Ex. 1, Schedule F.)

Counsel for the creditors also stated, "Your Honor, the parties have stipulated that the judgment is based on sales tax. . . ." (Tr. at 23–24.) When asked if she had stipulated that the taxes were sales taxes, counsel for the Debtor replied, "Your Honor, I have to say that that is one of the stipulations we discussed this morning. I honestly can't verify that it was set out that way in the underlying judgment." (Tr. at 24.)

The parties also entered the following stipulations into the record:

MR. REYNERSON: Your Honor, I can stipulate to what we have agreed to and introduce documents that back up those stipulations, if you'd like.

THE COURT: It's up to you to make your record. However you're going to make it, you've got to make it.

MR. REYNERSON: Okay. Let me go ahead and read the stipulations that have been agreed to between the parties.

THE COURT: All right.

MR. REYNERSON: First is that the debtor has filed the petition in bankruptcy showing both the City of Monroeville and Monroe County as unsecured nonpriority creditors. The narrative statement of plan also classifies them as that and proposes a zero distribution, no pro rata share. Both creditors in this case have filed timely claims and indicate on those claims that those are priority claims.

The two judgments that were entered against the defendant were entered individually. There were other defendants in the case, and Ms. Daves is right; it was a default judgment. The judgments resulted from unpaid sales tax. This was reflected both—I think the basis for the judgment is reflected in both the Debtor's petition and in the judgment that was entered against the Debtor.

Let me go ahead—I can introduce the petition, the narrative statement of intent, and I can also introduce the foreign judgments that were registered here in Arkansas as exhibits.

THE COURT: All right. You've marked Exhibits 1, 2, 3 and 4. Any objection, Ms. Daves?

MS. DAVES: No objection, Your Honor.

THE COURT: All right. They're received as part of your record.

(Thereupon, Plaintiff's Exhibit Nos. 1–4 were marked for identification and admitted into evidence and are appended at pages 26–29).

THE COURT: Any other evidence you wish to offer?

MR. REYNERSON: Not at this time, Your Honor.

(Tr. at 7–8.)

The parties appear to agree that the debts at issue resulted from some type of sales tax that was due to be paid to Monroe and Monroeville by the business corporation in which the Debtor had previously been an officer and shareholder. At least two subsections of section 507(a)(8) could arguably address this type of debt: section 507(a)(8)(E) related to excise tax and section 507(a)(8)(C) related to trust fund tax. *In re Marshall*, 302 B.R. 711, 718 (Bankr. D.Kan.2003) (sales taxes fall under at least two categories of taxes described under 507(a)(8), trust fund taxes and excise taxes).

Courts have ruled that by providing for sales tax priority under at least two separate subsections, "Congress intended to retain the distinction between the two forms of sales tax liability: those owed personally by a retailer and those incurred by a retailer's customers which are collected by the retailer under the authority of the state, held in trust, and then remitted by the retailer to the state." *Shank v. Wash. State Dept. of Revenue v. Shank (In re Shank)*, 792 F.2d 829, 832 (9th Cir.1986) (citing *In re Rosenow v. State of Ill., Dept. of Revenue*, 715 F.2d 277, 280 (7th Cir. 1983)).

■ An excise tax has been defined as "an indirect tax, one not directly imposed upon persons or property but imposed on performance of an act, the engaging in an occupation, or the enjoyment of a privilege." *North Dakota Workers Compensation Bureau v. Voightman (In re Voightman)*, 239 B.R. 380, 382–83 (8th Cir. BAP 1999) (citing *New Neighborhoods, Inc. v. West Virginia Workers' Compensation Fund*, 886 F.2d 714, 719 (4th Cir.1989); *In re Payne*, 27 B.R. 809, 813 (Bankr.D.Kan. 1983)). Under section 507(a)(8)(E), sales taxes that are excise taxes are entitled to priority unless they are "stale"; that is, unless the taxes were due prior to three years before the bankruptcy petition date. For examples of various types of excise taxes entitled to priority under section 507(a)(8)(E), see *In re Voightman*, 239 B.R. at 380 (worker's compensation premiums were excise tax); *In re Groetken*, 843 F.2d 1007, 1013 (7th Cir.1988) (occupation tax on gross receipts was excise tax under either section 507(a)(8)(A) or (E) but not (C)).

■ In contrast, trust fund taxes are entitled to priority no matter when they became due. A trust fund tax described by section 507(a)(8)(C) differs from the excise tax of section 507(a)(8)(E) because the trust fund tax is "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." Courts have ruled that sales taxes collected from customers by a merchant upon the sale of goods or services are the kind of tax described in 11 U.S.C. § 507(a)(8)(C) and entitled to priority under 11 U.S.C. § 1322(a)(2) no matter when they were

assessed. *In re Shank,* 792 F.2d at 832 (citing *DeChiaro v. N.Y. State Tax Comm'n,* 760 F.2d 432, 435 (2nd Cir.1985); *In re Rosenow,* 715 F.2d at 280; *contra In re Boyd,* 25 B.R. 1003 (Bankr.S.D.Ohio 1982); *In re Tapp,* 16 B.R. 315 (Bankr.D.Alaska 1981)); *In re Marshall,* 302 B.R. 711, 718 (Bankr.D.Kan.2003); *Peiffer v. Ala. Dept. of Revenue (In re Peiffer),* 126 B.R. 364, 369 (Bankr.N.D.Ala. 1991); *Rikard v. Ala. Dept. of Revenue (In re Rikard),* 127 B.R. 59, 61–62 (N.D.Ala.1989)(citing *In re DeChiaro,* 760 F.2d at 433).

■ In their post-trial brief, Monroe and Monroeville appear to concede that the tax debt at issue became due more than three years prior to bankruptcy. The documentary evidence so demonstrates, and therefore, the Court finds that the claims of Monroe and Monroeville are not entitled to priority under 11 U.S.C. § 507(a)(8)(E) because the underlying debts are too old.

■ The issue remaining is whether the debts at issue are trust fund taxes entitled to priority under 11 U.S.C. § 507(a)(8)(C). The evidence must demonstrate the following:

1) the claim is held by a governmental entity;

2) the claim is for a tax;

3) the tax is owed by a party other than the debtor;

4) the tax must be collected or withheld from that party and transmitted to the governmental unit; and

5) the debtor must be liable for payment of the tax in some capacity.

4 Collier on Bankruptcy ¶ 507.10[4] (Alan N. Resnick & Henry J. Sommer *et al.* eds., 15th ed. rev.1993).

■ The creditors cite Section 40–23–2 of the Alabama Code Annotated as the statutory basis for the judgment against the Debtor. However, no evidence was introduced linking the judgments against the Debtor to the provisions of section 40–23–2. Even though the Debtor testified, he was not asked the basis for the two default judgments. There was no proof that the tax was owed by a party other than the Debtor or that the tax was collected from a third party and was required to be transmitted to a governmental agency. Further, there was no proof that the Debtor's liability under the judgment resulted from the fact that the Debtor was the responsible party who failed to remit the tax. The default judgments only establish the Debtor's liability for some kind of obligation that is not stated in the judgment. *See, e.g., In re Groetken,* 843 F.2d at 1013 (holding that percentage of gross receipts from pizza restaurant to be remitted to the state were not trust fund taxes but were excise taxes entitled to priority under either section 507(a)(8)(A) or (E)).

On this record, the Court would have to speculate whether the tax debt is a gross receipts or excise tax governed by the three-year limitation on priority or whether it is a sales tax of the trust fund variety that is always entitled to priority regardless of when the debt became due.

For the foregoing reasons, the objection to confirmation is overruled.

IT IS SO ORDERED.